IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH AMAZIAH TRENTON,

        Plaintiff,

v.                                                  No. 1:22-cv-00045-WJ-JHR

EXPERIAN, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER FOR SUPPLEMENT

*Pro se* Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 1 at 1-2, filed January 20, 2022 ("Short Form Application"). United States Magistrate Judge Jerry H. Ritter notified Plaintiff that the Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees, ordered Plaintiff to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form Application") and notified Plaintiff that failure to timely file the Long Form Application may result in denial of Plaintiff's motion to proceed *in forma pauperis*. *See* Order to Cure Deficiency, Doc. 4, filed January 21, 2022. Plaintiff did not file the Long Form Application by the February 11, 2022, deadline.

Judge Ritter then ordered Plaintiff to either: (i) show cause why the Court should not deny Plaintiff's motion to proceed *in forma pauperis*; or (ii) pay the filing fee. *See* Order to Show Cause, Doc. 5, filed February 18, 2022. Judge Ritter also notified Plaintiff that failure to either show cause or pay the filing fee may result in dismissal of this case. Plaintiff did not show cause or pay the filing fee by the March 4, 2022, deadline.

On March 7, 2022, Plaintiff filed his Motion for Leave to File Interlocutory Appeal of the Court's Order denying Plaintiff *in forma pauperis* status stating: "Courts have held Plaintiff need only declare that they cannot pay a fee if they are unable to get the basic necessities of life."

Doc. 6 at 1.  The Court denies Plaintiff's Motion for leave to file an interlocutory appeal because the Court has not yet ruled on Plaintiff's motion to proceed *in forma pauperis.*

The statute governing proceeding in forma pauperis states the Court "may authorize the commencement ... of ... any suit ... without prepayment of fees ... by a person who submits an affidavit that includes a statement of *all* assets such [person] possesses."  28 U.S.C. § 1915(a)(1) (emphasis added).  Whether to grant leave to proceed *in forma pauperis* is within the sound discretion of the trial court.  *Lister v. Dep't of Treasury,* 408 F.3d 1309, 1312 (10th Cir.2005).  "[A] court's consideration of a party's ability to pay for costs and attorney's fees is not limited by the party's application for leave to proceed *in forma pauperis*, and ... the court may 'look beyond the ... application ... to determine his financial condition.'"  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.3 (11th Cir. 2004) (quoting *Durrett v. Jenkins Brickyard, Inc.,* 678 F.2d 911, 917 (11th Cir.1982).

The Court may consider information regarding a spouse's assets that the Plaintiff may be entitled to access when determining whether Plaintiff is able to pay the costs of the proceeding.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015) ("it was an abuse of discretion for the magistrate judge to include [plaintiff's] husband's income in the [in forma pauperis] calculation of whether she could afford the filing fee" without considering husband's expenses and other liabilities); *Lee v. McDonald's Corp.*, 2313 F.3d 456, 459 (8th Cir. 2000) ("The determination, under 28 U.S.C. § 1915(a), of whether or not Lee qualifies for in forma pauperis status must be made based upon Lee's financial status, independent of his wife's assets to which she has denied him access;" there was no legal obligation under which applicant could secure community funds or compel his wife to furnish funds).

The Court orders Plaintiff to file a supplement to his motion to proceed *in forma pauperis* which indicates whether Plaintiff has a spouse and, if he has a spouse, describes the spouse's income, expenses, amount of money the spouse has in cash and bank accounts, and any reasons Plaintiff does not have access to his spouse's assets.

Plaintiff has not complied with two Orders in which Judge Ritter warned Plaintiff that failure to timely comply may result in denial of Plaintiff's motion to proceed in forma pauperis and dismissal of this case.   If Plaintiff fails to comply with this Order, the Court may dismiss this case.

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." ... Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992)).

*Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).   Although Plaintiff's failure to comply with the Court's Orders has not prejudiced Defendants, it significantly interferes with the judicial process because this case can proceed only if Plaintiff pays the filing fee or the Court determines Plaintiff is unable to pay the costs of this proceeding. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action ... to pay a filing fee"); 28 U.S.C. § 1915(a) (court may authorize commencement of a civil action if plaintiff is unable to pay fees).

3

**IT IS ORDERED** that:

(i)  Plaintiff's Motion for Leave to File Interlocutory Appeal, Doc. 6, filed March 7, 2022, is **DENIED.**

(ii) Plaintiff shall, within 14 days of entry of this Order, file a supplement to his Short Form Application as described above. Failure to timely file a supplement may result in dismissal of this case.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**