IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSEPH A.TRENTON,

    Plaintiff,

v.                                                                                                       No. 1:22-cv-00045-WJ-JHR

EXPERIAN,TRANS UNION,
EQUIFAX, PLAZA SERVICES, LLC,
WEBBANK & FINGERHUT, and
CREDIT SYSTEMS INC.,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION OF WEBBANK CORPORATION'S MOTION TO DISMISS**

I.    <u>BACKGROUND AND PROCEDURAL HISTORY</u>

Joseph Amaziah Trenton, *pro se*, sued Experian, Transunion, Equifax, Plaza Services, LLC, Credit Systems, Inc., and Webbank & Fingerhut ("Webbank") on January 20, 2022. [Doc. 1]. Trenton claims that Experian, Trans Union, and Equifax are consumer reporting agencies that have not complied with federal law to resolve disputed items on his credit reports. *Id.* at 4, 7–10. He also claims that Plaza Services and Credit Systems are collection agencies that have violated federal law in their collection activities involving him. *Id.* at 4–11.

Trenton alleges that Webbank is an online sales company reporting two accounts with Trenton which he did not open. *Id.* at 5–9, 11. He says he has "never had dealings" with Webbank. *Id.* at 5. He says Webbank is "reporting false derogatory information about [him] to . . . consumer reporting agencies." *Id.* at 6. He says that he "has disputed the accuracy of the derogatory information reported by the defendants . . . to the consumer reporting agencies." *Id.* He says Webbank "has not responded to [his] numerous letters of dispute by providing evidence

1

of the alleged debt to [him] nor to the consumer reporting agenc[ies]." *Id.* He says "defendants have not provided notice of this disputed matter to the credit bureaus." *Id.* at 7.

Trenton further alleges that he is the victim of identity theft and "let all the defendants know." *Id.* at 8. He says the Webbank "[is] reporting false accounts claiming that they belong to plaintiff [and he] has asked these defendants to provide him with a copy of the signature page but" the response was only scorn and threats. *Id.* at 9. He says he "did write letters to all defendants and waited for the required time for investigation of the letters but has never received any responses." *Id.*

Trenton alleges that all defendants violated the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act but demands specific relief only "for willful noncompliance of [sic] the Fair Credit Reporting Act." *Id.* at 8, 11. Webbank moved to dismiss this case on May 27, 2022, asserting that Trenton failed to state a claim under either the Fair Credit Reporting Act or the Fair Debt Collection Practices Act. [Doc. 20, pp. 1–2].

## II.    APPLICABLE LAW

### a. Dismissal for Failure to State a Claim

Courts may dismiss complaints which fail "to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). Sufficiency of a complaint is a question of law. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The court does not weigh evidence to determine sufficiency of a complaint. *See Begay v. Pub. Serv. Co. of N.M.*, 710 F. Supp. 2d 1161, 1199 (D.N.M. 2010) (Browning, J.) ("the evidentiary weight of any given document is irrelevant at [the 12(b)(6)] stage of litigation"). When resolving motions brought under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the Complaint and views them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor

(*Garling v. United States Env't Prot. Agency*, 849 F.3d 1289, 1293 (10th Cir. 2017)), even if those assertions appear "doubtful in fact[.]" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted). All reasonable inferences of plausibility of the complaint must be drawn in favor of its sufficiency. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). That said, the Court will not construe so generously as to become plaintiff's advocate. *See Bragg v. Chavez*, 1:07-cv-00343-JB-WDS, 2007 WL 5232464 at *25 (D.N.M. Aug. 2, 2007) (Browning, J.). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Court's focus is on the content within the "four corners" of the complaint. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). If the complaint refers to unattached and unincorporated documents, the court can consider them if they are central to the claim and indisputably authentic. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The court can also consider matters which are proper for judicial notice, (*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)), such as "its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

A court that considers matters outside the permissible scope for failure to state a claim effectively converts the motion to one for summary judgment and then must assure that both parties have all of the procedural advantages of Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d); *Gee v. Pacheco*, 627 F.3d 1178, 1186–87 (10th Cir. 2010).

3

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. Plausibility is more than mere possibility but less than probability. *Ashcroft*, 556 U.S. at 678; *see also Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the complaint against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC*, 493 F.3d at 1177 (emphasis omitted). If the scope of the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins*, 519 F.3d at 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp.*, 550 U.S. at 570) (internal citations omitted)).

Factual allegations in a complaint need not be detailed but must offer more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") (citing *Bell Atl. Corp.*, 550 U.S. at 555). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a

plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citations omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp.*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### b. Elements of a Claim under the Fair Credit Reporting Act

Webbank asserts, and the Court agrees, that it appears Trenton asserts a Fair Credit Reporting Act claim under 15 U.S.C. § 1681s-2(b). [Doc. 21, pp. 9–10]. As recited by Webbank, that section imposes the following duties upon a furnisher of credit information after receiving notice of a dispute from a credit reporting agency:

> (1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. § 1681s-2(b)(1)(A)-(E).

*Dehorney v. Ocwen Loan Servicing, LLC*, 2021 WL 1156858, at *2 (C.D. Cal. Feb. 16, 2021) (quoting *Denison v. Citifinancial Servicing, LLC*, 2016 WL 1718220 at *2 (N.D. Cal. Apr. 29, 2016) (citing *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002))). Webbank notes, however, that the third element has at least once been inferred in this district. [Doc. 21, p. 10] (citing *Fishback v. HSBC Retail Servs. Inc.*, 944 F. Supp. 2d 1098, 1113 (D.N.M. 2013)).

Webbank also concedes, for purposes of its motion, that Trenton's complaint meets the first two elements of inaccurate information and notice to the consumer reporting agency. [Doc. 21, pp. 10–11]. The focus thus becomes whether Trenton has alleged that the consumer reporting agency gave notice as required under 15 U.S.C. § 1681i(a)(2), and that Webbank then failed to:

5

      (A) conduct an investigation with respect to the disputed information;
      (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
      (C) report the results of the investigation to the consumer reporting agency;
      (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
      (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—(i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

      **c. Elements of a Claim under the Fair Debt Collection Practices Act**

The Fair Debt Collection Practices Act authorizes an action for violation of "three broad prohibitions" stated in 15 U.S.C. §§ 1692d, 1692e, and 1692f. Most pertinent here, those prohibitions only apply to an actor who is a "debt collector" as defined in the Act. *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002). An allegation that a defendant is a "debt collector" subject to the Act is thus an essential element of the claim. *See James v. Wadas*, 724 F.3d 1312, 1316 (10th Cir. 2013).

## III. ANALYSIS

      **a. Claims under the Fair Credit Reporting Act**

Trenton alleges that Webbank inaccurately reported derogatory information about two accounts that he never opened with Webbank. [Doc. 1, pp. 5–9, 11]. He also alleges that he "disputed the accuracy" of that information, though he does not provide specific information about when, how, or to whom. *Id.* at 6. He says Webbank "has not responded to [his] numerous letters of dispute by providing evidence of the alleged debt to [him] nor to the consumer

reporting agenc[ies]," again omitting any specific information about dates or recipients of his letters. *Id.*

Trenton says, without identifying any particular entity, "defendants have not provided notice of this disputed matter to the credit bureaus." *Id.* at 7. It is reasonable to infer that "defendants" here does not mean the credit bureaus themselves, leaving the possibility that it refers to the two defendant collection agencies and to the online merchant Webbank. The Act, however, mandates that notice of a dispute must flow from credit reporting agencies to information furnishers; it does not mandate that the furnisher take on the consumer's obligation to notify the credit reporting agencies. *See Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750–51 (10th Cir. 2009) (unpublished); *cf.* 15 U.S.C. §§ 1681i((a)(2), 1681s-2(b).

Trenton further alleges that he was the victim of identity theft and "let all the defendants know." [Doc. 1, p. 8]. The Act has specific requirements for furnishers regarding identity theft, but they are expressly triggered by a consumer's submission of an "identity theft report." 15 U.S.C. § 1681s-2(a)(6)(B). The Act defines an "identity theft report" to require "a copy of an official, valid report filed by a consumer with an appropriate Federal, State, or local law enforcement agency, including the United States Postal Inspection Service, or such other government agency deemed appropriate by the Bureau; and . . . the filing of which subjects the person filing the report to criminal penalties relating to the filing of false information if, in fact, the information in the report is false." *Id.* at § 1681a(q)(4)(B). Trenton does not allege that he provided any document to Webbank which plausibly met the definition of an "identity theft report" as required to trigger the provisions of the Fair Credit Reporting Act. In the absence of such an allegation, he fails to state a claim for violation of 15 U.S.C. § 1681s-2(a)(6)(B).

7

### b. Claims under the Fair Debt Collection Practices Act

Trenton fails to allege that Webbank is a "debt collector", instead characterizing it as an online sales company. [Doc. 1-1, pp. 5–9, 11]. Trenton alleges that Webbank falsely reported that Trenton had an account with Webbank, (*Id.* at 9), inferring that Webbank was the originator of a false claim of a debt owed. An originator of a debt is expressly excluded from the definition of "debt collector" in the Act. 15 U.S.C. § 1692(a)(6). Webbank is thus not liable to Trenton under the Fair Debt Collection Practices Act and any claim against it alleged or implied by this complaint should be dismissed.[1]

### IV. CONCLUSION AND RECOMMENDATION

Trenton fails to state a claim against Webbank for violation of the Fair Credit Reporting Act because he does not plausibly allege that a credit reporting agency notified Webbank of a dispute as required by 15 U.S.C. 1681i(a)(2), or to plausibly allege that he gave submitted an "identity theft report" to Webbank triggering the separate obligations under 15 U.S.C. § 1681s-2(a)(6)(B). Trenton also fails to state a claim under the Fair Debt Collection Practices Act because he does not allege, plausibly or even at all, that Webbank is a "debt collector" covered by the Act.

---

[1] The Court has noted above that Trenton makes no specific demand for relief against Webbank or any defendant under the Fair Debt Collection Practices Act, but only under the Fair Credit Reporting Act. For this motion, that limitation adds credence to the reasonable inference that Trenton did not intend to assert a claim against Trenton under the Fair Debt Collection Practices Act.

Because Trenton fails to state any plausible claim against Webbank ("Webbank/Fingerhut" in the complaint), I **recommend** that those claims asserted against Webbank be dismissed. The Court's order would not affect any claims asserted against any other defendants in this matter.

_____
Hon. Jerry H. Ritter
U.S. Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**