**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSEPH AMAZIAH TRENTON,

Plaintiff,

vs. No. 1:22-cv-00045-WJ-JHR

EXPERIAN, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR APPOINTMENT OF UNBIASED JUDGE OR
IN THE ALTERNATIVE RECUSAL OF JUDGE ON BIAS GROUNDS**

THIS MATTER is before the Court on the Motion for Appointment of Unbiased Judge or in the Alternative Recusal of Judge on Bias Grounds filed *pro se* by Plaintiff Joseph Amaziah Trenton (Doc. 38). The Court will deny the Motion.

Plaintiff Joseph Amaziah Trenton seeks recusal of the assigned District Judge and Magistrate Judge. (Doc. 38). As grounds for his Motion, Plaintiff Trenton states:

> "1. Plaintiff has been denied access to the Court steps, by receiving rulings that contradict controlling case law.
> 2. Plaintiff has been receiving rulings that contradict rules of civil procedure. . .
>
> Plaintiff is going to submit a complaint to the judicial review committee against this Judge and Magistrate for violating his constitutional rights and disregarding his right to a fair and unbiased decision maker."

(Doc. 38 at 1-2). Plaintiff Trenton does not specify any statute or rule as a basis for his Motion. However, motions to disqualify or recuse a judge generally proceed under 28 U.S.C. § 455 or 28 U.S.C. § 144. Section 455(a) states:

> "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his

impartiality might be reasonably questioned."

The standard for recusal under § 455(a) is one of objective reasonableness. *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 858 n. 7 (1988); *United States v. Cooley,* 1 F.3d 985, 992 (10th Cir.1993). Under § 455(a), both a judge's interest in or relationship to a case and his or her bias or prejudice against persons involved in a case "*all* [must] be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal [is] required whenever 'impartiality might reasonably be questioned.'" *Liteky v. United States,* 510 U.S. 540, 548 (1994) (emphasis in original) (quoting 28 U.S.C. § 455(a)). Section 455(a) was enacted in 1974 "to promote public confidence in the integrity of the judicial process by replacing the subjective ... standard with an objective test." *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. at 858 n. 7, *quoted in Nichols v. Alley,* 71 F.3d 347, 350 (10th Cir. 1995); *United States v. Cooley,* 1 F.3d at 992.

Under § 455, a judge should recuse only if a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. *American Ready Mix v. Behles,* 14 F.3d 1497, 1501 (10th Cir. 1994) (citations omitted) (quoting *Hinman v. Rogers,* 831 F.2d 937, 938–39 (10th Cir. 1987) (per curiam)); *accord Switzer v. Berry,* 198 F.3d 1255, 1257 (10th Cir. 2000); *United States v. Greenspan,* 26 F.3d 1001, 1005 (10th Cir. 1994). Section 455(a) is subject to an "extrajudicial source factor," which means that, at its base, alleged bias or prejudice must stem from an extrajudicial source outside the judicial proceeding at hand and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *Liteky,* 510 U.S. at 545 & n. 1, 555 (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)).

Under the extrajudicial source factor, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. at 555. Opinions formed by the judge on the

basis of facts introduced or events occurring in the course of the case, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Judicial remarks during the course of the proceedings, even if they are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. Such remarks may do so only if they reveal an opinion that derives from an extrajudicial source. *Id.* at 555-56. Further, expressions of impatience, dissatisfaction, annoyance, and even anger, do not establish bias or partiality and are within the bounds of what federal judges may sometimes display. A judge's ordinary statements or actions in the administration of courtroom proceedings are immune and do not establish impropriety or impartiality. *Id.*

The reasonableness test is "limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question." *Cooley,* 1 F.3d at 993, *cited in Nichols,* 71 F.3d at 351. Thus, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not grounds for disqualification under § 455(a). *Id.* (citing numerous cases). Furthermore, attempts to intimidate a judge do not ordinarily satisfy the requirements of § 455(a). *Id.; accord Greenspan,* 26 F.3d at 1006. Finally, § 455(a) "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Cooley,* 1 F.3d at 993 (quoting *Franks v. Nimmo,* 796 F.2d 1230, 1235 (10th Cir.1986) (further quotation omitted)), *quoted in Switzer,* 198 F.3d at 1258; *Nichols,* 71 F.3d at 351.

Disqualification of a judge for bias or prejudice proceeds under 28 U.S.C. § 144. Section 144 provides:

> "Whenever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, such judge shall proceed no further therein. . ."

Disqualification under 28 U.S.C. § 144 places a substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial. *United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir. 1992). The affidavit of personal bias and prejudice need be timely and sufficient. 28 U.S.C. § 144. There must be a reasonable factual basis to question the judge's impartiality. *United States v. Cooley,* 1 F.3d at 993. The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *Id.*

Sections 144 and 455 do not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record. *See Nichols,* 71 F.3d at 351; *Bryce v. Episcopal Church,* 289 F.3d 648, 659–60 (10th Cir. 2002). *In re McCarthey*, 368 F.3d 1266, 1269–70 (10th Cir. 2004). A movant's factual allegations do not have to be taken as true. Further, under either § 144 or § 455 there is as much obligation for a judge not to recuse when there is no occasion to do so as there is to recuse when there is a reasonable basis to do so. A judge should not recuse based on unsupported, irrational, or highly tenuous speculation and accusations. *American Ready Mix,* 14 F.3d at 1501 (citations omitted) (quoting *Hinman v. Rogers,* 831 F.2d 937, 938–39 (10th Cir. 1987) (per curiam)); *accord Switzer,* 198 F.3d at 1257; *United States v. Greenspan,* 26 F.3d at 1005; *Cooley,* 1 F.3d at 993–94.

Plaintiff Trenton makes very generalized allegations of bias, contending that, by ruling against him, the Court failed to follow controlling case law and the rules of civil procedure. (Doc. 38 at 1-2). However, Plaintiff has not filed any § 144 affidavit, or even made specific factual allegations, that would support disqualification or recusal of the Judge or Magistrate Judge in this

case. Nor is the Court aware of any facts or circumstances that would warrant disqualification or recusal. There is no reasonable factual basis to question the Judges' impartiality. *United States v. Cooley,* 1 F.3d at 993.

Further, the Motion appears to have been filed in response to the Court's March 31, 2023 Memorandum Opinion and Order adopting the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 33) ("PFRD") and granting Defendant WebBank's Motion to Dismiss. (Doc. 34). Even though the Court's rulings are adverse to Trenton, they do not reflect any extrajudicial source of bias or prejudice, and the Memorandum Opinion and Order does not present a valid basis for a bias or partiality motion. *Liteky,* 510 U.S. at 555. Plaintiff Trenton argues that his Objections filed in response to the PFRD set out the reasons why the PFRD did not follow controlling law or the rules and that the Court improperly failed to wait for and consider his Objections when it entered the Order adopting the PFRD. (Doc. 38 at 2). The Court concludes that Plaintiff's contentions are without merit.

On November 4, 2022, the Court entered an Order permitting Plaintiff Trenton to receive notice of filing of Court documents by e-mail through the CM/ECF system because Plaintiff Trenton claims that he travels frequently and has no established address. (Doc. 28). The Magistrate Judge's PFRD was entered on March 16, 2023. (Doc. 33). The docket reflects that notice of the PRFD was sent to Plaintiff Trenton at his e-mail address on that same date by the CM/ECF system. (Doc. 33). On the last page, in bold type, the PFRD stated:

> **"THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed."**

(Doc. 33 at 9). The date of receipt of the filing by the Court is the controlling filing date. *See, e.g., Price v. Philpot,* 420 F.3d 1158, 1165-67 (10th Cir.2005); *United States v. Ceballos–Martinez,* 387 F.3d 1140, 1143-46 (10th Cir.2004).

Fourteen days from the date of entry of the PFRD by the Court was March 30, 2023. On March 31, 2023, when the Court had not received any objections to the PFRD from Plaintiff, the Court entered its Order adopting the PFRD. (Doc. 34). Plaintiff Trenton did submit Objections to the PFRD, but they were not received by the Court until April 10, 2023, after the deadline for objections had expired. (Doc. 36). The Objections state that they were "submitted March 27th, 2023." (Doc. 36 at 24). However, the postmark on the mailing envelope clearly shows that the Objections were actually mailed from Provo, Utah, on "WED 5 APR 2023." (Doc. 36 at 25). The Objections were both mailed to and received by the Court after the 14-day deadline and were of no effect. 28 U.S.C. § 636(C).

Further, even if the Court had considered Plaintiff's untimely Objections, there is nothing in them that would alter the Court's Order adopting the PFRD. The Magistrate Judge's PFRD was well-supported by the law and consistent with the Federal Rules of Civil Procedure. (Doc. 33). The undersigned District Judge conducted a de novo review of the PFRD and concluded that there was no error in it. (Doc. 34). Plaintiff Trenton's Objections contain 24 single-spaced pages of general procedural rules and legal standards and make conclusory statements regarding how, in his view, his Complaint complies with those rules and standards. (*See e.g.*, Doc. 36 at 6, 9, 18). But, other than expressing his disagreement with the Magistrate Judge's findings and recommended disposition, Plaintiff does not specifically articulate or cite to anything in the record showing how the PFRD failed to follow the rules or meet the legal standards. The fact that the rulings went against Plaintiff Trenton and he disagrees with the rulings does not render those

rulings inconsistent with either controlling law or the rules nor does it require recusal or appointment of a new judge. *Liteky,* 510 U.S. at 555.

Plaintiff Trenton's Motion presents nothing more than accusations, beliefs, and inuendo. *Cooley,* 1 F.3d at 993. There is nothing factual in the record or the Court's rulings that discloses, or even suggests, any basis for disqualification or recusal of the Judge or Magistrate Judge in this case. The Judges will not recuse based on unsupported, irrational, and highly tenuous speculation and accusations. *American Ready Mix,* 14 F.3d at 1501 (citations omitted) (quoting *Hinman v. Rogers,* 831 F.2d 937, 938–39 (10th Cir. 1987) (per curiam)); *accord Switzer,* 198 F.3d at 1257; *United States v. Greenspan,* 26 F.3d at 1005; *Cooley,* 1 F.3d at 993–94. The Court denies the Motion to recuse.

IT IS ORDERED that the Motion for Appointment of Unbiased Judge or in the Alternative Recusal of Judge on Bias Grounds filed by Plaintiff Joseph Amaziah Trenton (Doc. 38) is **DENIED**.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE