IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH AMAZIAH TRENTON,

    Plaintiff,

v.   No. 1:22-cv-00045-WJ-JHR

EXPERIAN, TRANS UNION, EQUIFAX,
PLAZA SERVICES, LLC, WEBBANK &
FINGERHUT, and CREDIT SYSTEMS INC.,

    Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte* following two telephonic status conferences which Plaintiff Joseph Trenton did not attend. On October 24, 2023, the Court ordered a settlement conference and associated status conference. [Doc. 69]. On November 13, the Court held the status conference as scheduled, but Plaintiff Joseph Trenton did not appear. *See* [Doc. 72].[1] The settlement conference was therefore vacated and a new status conference was scheduled for December 4, a date mutually agreed upon by the parties. [Docs. 73, 74]. On December 4, Plaintiff Trenton still did not appear for the status conference. [Doc. 75].

The Court has the inherent power to impose a variety of sanctions on litigants to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984). One sanction within the discretion of the Court is to dismiss an action for want of prosecution. *E.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642–43 (1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Costello v. United States,* 365 U.S. 265, 286–87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net,*

---

[1] Documents 72–75 are text-only docket entries viewable on CM/ECF.

1

*Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."). Lesser sanctions, such as an order to pay the opposing side's attorneys' fees and costs, may also be imposed, and should be used instead if they will be effective. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (discussing when courts should choose lesser sanctions rather than dismissal).

For these reasons, **IT IS HEREBY ORDERED THAT** Plaintiff Joseph Trenton shall file a response to this Order with the Court showing cause for the following:

(1) Why Plaintiff Trenton has twice failed to attend telephonic status conferences; and

(2) Why sanctions, up to and including dismissal, should not be imposed for his failure to attend status conferences and prosecute this case.

Plaintiff Trenton shall file his response on or before **Monday, December 18, 2024.** Failure to respond to this order may result in the imposition of fines or dismissal of this case without further notice.

**IT IS SO ORDERED.**

_____
HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE