IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH AMAZIAH TRENTON,

    Plaintiff,

v.                                                              No. 1:22-cv-00045-WJ-JHR

EXPERIAN, TRANS UNION, EQUIFAX,
PLAZA SERVICES, LLC, WEBBANK &
FINGERHUT, and CREDIT SYSTEMS INC.,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte* following Plaintiff Joseph Trenton's failure to attend a telephonic status conference. In 2023, the Court set, and Trenton failed to attend, two consecutive status conferences. *See* [Docs. 72, 75, 76].[1] The Court issued an Order that Trenton show cause for his failure to attend the conferences and why sanctions should not be imposed. *See* [Doc. 76]. Trenton timely responded and explained that he was in surgery during the second status conference but did not explain his absence from the first one. [Doc. 78, p. 1]. Court staff contacted Trenton at the phone number he provided to the Court to confirm his availability for a third status conference on January 16, 2024, at 1:30 PM. Trenton confirmed his availability at that time and the Court set the conference. Again, Trenton did not attend. [Doc. 80].

The Court has the inherent power to impose a variety of sanctions on litigants to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984). One sanction within the discretion of the Court is to dismiss an action for want of prosecution. *E.g., Nat'l Hockey League v. Metro. Hockey Club,*

---

[1] Documents 72, 75, and 80 are text-only docket entries viewable on CM/ECF.

1

*Inc.,* 427 U.S. 639, 642–43 (1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Costello v. United States,* 365 U.S. 265, 286–87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."). Lesser sanctions, such as an order to pay the opposing side's attorneys' fees and costs, may also be imposed, and should be used instead if they will be effective. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (discussing when courts should choose lesser sanctions rather than dismissal).

For these reasons, **IT IS HEREBY ORDERED THAT** Plaintiff Joseph Trenton shall file a response to this Order with the Court showing cause for the following:

(1) Why Plaintiff Trenton failed to attend the telephonic status conference on January 16, 2024; and

(2) Why this case should not be dismissed for failure to prosecute.

Plaintiff Trenton shall file his response on or before **Tuesday, January 30, 2024.** Failure to respond to this order may result in the imposition of fines or dismissal of this case without further notice.

**IT IS SO ORDERED.**

_____
HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE