## IN THE UNITED STATES DISTRCT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSEPH AMAZIAH TRENTON,

     Plaintiff,

v.                                    No. 1:22-cv-00045-WJ-JHR

TRANSUNION; PLAZA SERVICES, LLC;
*and* CREDIT SYSTEMS INC.,

     Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

     THIS MATTER is before the Court *sua sponte* following Plaintiff Joseph Amaziah

Trenton's failure to appear for status conferences and his failure to respond to the Court's orders

to show cause.  The presiding United States District Judge has referred this case to the

undersigned United States Magistrate Judge to recommend an ultimate disposition in this matter.

[Doc. 23].  For the reasons stated below, I recommend that Plaintiff Trenton's claims be

dismissed with prejudice.

### I.    BACKGROUND AND PROCEDURAL HISTORY

     This case began in January 2022 when Plaintiff Joseph Amaziah Trenton filed his original

complaint against six companies involved in consumer credit reporting and debt collection.

[Doc. 1, pp. 3–5].[1]  In it, Trenton alleged the companies violated the Fair Credit Reporting Act,

15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by

reporting and acting upon false information about his credit.  [Doc. 1, pp. 6–7].  The Court

allowed Trenton to proceed without prepaying court fees or costs and the Defendants were

---

[1] Some documents have both internal pagination and pagination generated by the Case Management/Electronic Case Files (CM/ECF) system.  Citations in these Proposed Findings and Recommended Disposition refer to the CM/ECF-generated pagination.

served copies of the complaint pursuant to Federal Rule of Civil Procedure 4(d).  [Doc. 9, p. 3]; [Doc. 11]; *see also* [Doc. 45][2] (granting Plaintiff's Motion to Serve Process on Defendants).  As litigation proceeded, one Defendant successfully moved to dismiss the claims against it and two others settled with Trenton.  *See* [Doc. 34] (dismissing claims against WebBank Corporation); [Doc. 65] (Notice of Settlement with Experian Information Solutions, Inc.); [Doc. 66] (Notice of Settlement with Equifax Information Services, LLC).

　　　　As time went on, Trenton began missing deadlines and failing to appear for mandatory conferences before the Court.  In August 2023, Trenton did not attend a mandatory telephonic scheduling conference.  [Doc. 61].  That conference was reset for September, and Trenton attended the reset conference.  [Docs. 62, 63].  In October, a settlement conference was set, but was then vacated in November after Trenton failed to appear for a related status conference. [Docs. 69, 72, 73].  Another status conference was set for later in the month and Trenton again failed to appear.  [Docs. 74, 75].  The Court ordered Trenton to show cause for his failures to appear before it.  [Doc. 76].  Trenton timely responded and explained that he was in surgery during the second status conference but did not explain his absence from the first one.  [Doc. 78, p. 1].  Court staff contacted Trenton at the phone number he provided to the Court to confirm his availability for a third status conference on January 16, 2024, at 1:30 PM.  Trenton confirmed his availability at that time and the Court set the conference.  Again, Trenton did not attend. [Doc. 80].  The Court has since issued two more orders to show cause and Trenton has responded to neither.  [Docs. 81, 82].  In its most recent order to show cause, the Court expressly stated that **"the undersigned Magistrate Judge will recommend dismissal of this action if Trenton does not timely respond to this Order."**  [Doc. 82, p. 2] (emphasis in original).

---

[2] Documents 45, 61–63, 72–75, and 79–80 are a text-only entries viewable on CM/ECF.

## II.   <u>RELEVANT LAW</u>

This Court has both rules-based and inherent authority to dismiss cases *sua sponte* for lack of prosecution.  Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (holding that, despite Rule 41(b)'s reference to a defendant's motion, "the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders"); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").  Dismissal for failure to prosecute, however, should be imposed "only after careful exercise of judicial discretion."  *United States ex rel. Jimenez*, 400 F.3d at 855.  Before dismissing a plaintiff's complaint as a sanction, the Court must consider (1) the degree of prejudice suffered by defendants because of plaintiff's misconduct; (2) how much plaintiff has interfered with the judicial process; (3) plaintiff's culpability; (4) whether the Court warned plaintiff that dismissal was a likely sanction; and (5) the efficacy of lesser sanctions.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  The factors are not a rigid test, and dismissal should only be imposed if "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits[.]"  *Id.* (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

## III.   <u>DISCUSSION</u>

The aggravating factors show that Trenton's case should be dismissed.  Prejudice to Defendants has not been exceedingly great but has been non-negligible.  This case has gone on since January 2022.  In that time, counsel for Credit Systems Inc. has appeared for two scheduling conferences, attempted to prepare for a settlement conference, and appeared for three

status conferences, most of which Trenton missed.  Counsel likely billed Credit Systems for this

work, meaning Credit Systems has been paying money for time wasted on a case which has

barely moved since it was filed.  Second, Trenton has interfered a good deal with the judicial

process by failing to meaningfully cooperate in a way that would allow this case to be resolved

on its merits.  Third, Trenton appears culpable for his non-prosecution.  Although he informed

the Court at one point that his hospitalization and medical problems were interfering with his

ability prosecute this case, *see* [Doc. 78, p. 1], this one instance of accidentally missing a status

conference is outweighed by Trenton's complete disappearance since then.  Fourth, Trenton has

been warned three times that his case could, and ultimately would, be dismissed for non-

prosecution.  *See* [Docs. 76, 81, 82].  Finally, because the problem is that Trenton is not

prosecuting his claims despite orders by the Court that he do so, it is unclear what other sanctions

would be effective.  The Court has already ordered Trenton, several times, to appear and either

negotiate with or litigate against the Defendants.  He has not done so since mid-December 2023.

If Trenton will not pursue a resolution on his own, the only thing left for the Court is to resolve

this case by dismissal.

IV.   **CONCLUSION**

     Based on the discussion above, the undersigned United States Magistrate Judge

recommends that this case be dismissed with prejudice for failure to prosecute.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14
> DAYS OF SERVICE** of a copy of the Proposed Findings and
> Recommended Disposition they may file written objections with the
> Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  A party
> must file any objections with the Clerk of the District Court within
> the fourteen-day period if that party wants to have appellate review
> of the proposed findings and recommended disposition. **If no
> objections are filed, no appellate review will be allowed.**

Hon. Jerry H. Ritter
United States Magistrate Judge